IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID POWELL : | |
| : | Civil Action No. 1:CV-05-2492 |
| **Plaintiff** : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| HON. EDGAR B. BAYLEY, : | |
| W. PAUL IRVIN, and : | |
| DAWN S. SUNDAY : | |
| : | |
| **Defendants** : | |

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

On December 2, 2005, Plaintiff, acting pro se, commenced the above-captioned civil action by which he seeks to have this Court enter an Order immediately staying certain custody proceedings pending before The Honorable Edgar B. Bayley of the Pennsylvania Court of Common Pleas in Cumberland County, Pennsylvania.  According to the Complaint and ancillary documents attached thereto, it appears that Judge Bayley is presiding over the matter of Kay F. Hoover v. David Brian Powell, No. 1995-6570, which concerns, inter alia, a determination regarding the custody of Aaron B. Powell, the Plaintiff's 17-year old son.  The action in Cumberland County Court appears to be a continuation of an original custody dispute between Aaron's maternal grandmother, Kay F. Hoover, and Plaintiff, the history of which is described briefly below.

From what the Court can discern from the documents submitted with the Complaint, Aaron Powell's mother died on October 25, 1995 from long-term complications related to diabetes.  It further appears that the Court of Common Pleas entered an Order dated May 29, 1997, granting legal and physical custody of Aaron to his maternal grandmother, Kay F.

Hoover.[1]  On August 12, 2005, Ms. Hoover died as the result of a severe heart attack. Thereafter, by Order dated August 22, 2005, the Court of Common Pleas awarded temporary physical and legal custody of Aaron Powell to W. Paul Irvin, Aaron's maternal uncle, pending further order of that court.  Aaron has been in Mr. Irvin's custody since his grandmother died on August 12, 2005.  On November 1, 2005, Mr. Irvin filed with the Court of Common Pleas a "Petition for Modification of Custody," seeking to be awarded sole physical and legal custody over Aaron.  According to Plaintiff, the Court of Common Pleas has scheduled a pre-hearing custody conference for December 6, 2005, before Defendant Dawn S. Sunday, the custody conciliator in that action.

Plaintiff is seeking to enjoin the custody proceedings, claiming that the proceedings violate his "fundamental rights and liberty interests" under the due process clause of the Fourteenth Amendment to the United States Constitution.  (Compl. ¶ 5.)  Plaintiff also contends that Troxel v. Granville, 530 U.S. 57 (2000) provides that "it is not within the province of the state to make significant decisions concerning the custody of children merely because it could make a better decision."  (Id.)

## II.    DISCUSSION

### A.    Request for Leave to Proceed In Forma Pauperis

Plaintiff has petitioned for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff represents that he has been unemployed for fifteen years and receives less than

---

[1]  It appears that Plaintiff was incarcerated at SCI-Rockview during some or all of the custody proceedings that commenced in 1995.  He has subsequently been released from SCI-Rockview, and represents that his conviction for attempted homicide was reversed by the United States District Court for the Western District of Pennsylvania.

$600 per month through Social Security. On the basis of this representation, the Court finds that Plaintiff should be permitted to proceed in forma pauperis.

**B.     Request for Injunctive Relief**

The Court construes the Complaint as a request for an order enjoining the Cumberland County Court of Common Pleas from conducting further proceedings regarding the physical and legal custody of Aaron Powell. The Court will evaluate this request in accordance with the standards applicable to the grant of preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

It must be emphasized that the grant of injunctive relief under Federal Rule of Civil Procedure Rule 65(a) "is an 'extraordinary remedy, which should be granted only in limited circumstances.'" Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989) (internal citation omitted). Accordingly, Plaintiff's burden to demonstrate that he is entitled to relief is substantial. United States v. City of Philadelphia, 644 F.2d 187, 191 n.1 (3d Cir. 1980); First Health Group Corp. v. Nat'l Prescriptions Adm'rs, Inc., 155 F. Supp. 2d 194, 216 (M.D. Pa. 2001).

Before a court may issue a preliminary injunction, the moving party must demonstrate a reasonable probability of success on the merits of his claim and the existence of irreparable injury in the absence of injunctive relief. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). If the movant has successfully demonstrated a probability of success on the merits and the existence of irreparable harm, the court may additionally consider whether granting relief will cause greater harm to the nonmoving party and whether the preliminary injunction is in the public interest. Id. Regardless of what the equities may seem to require, however, a court may

not issue a preliminary injunction unless the movant establishes (1) a likelihood of success on the merits of her claim and (2) the existence of irreparable harm absent injunctive relief.  Adams, 204 F.3d at 484.  With these considerations in mind, the Court finds that Plaintiff has failed to demonstrate that preliminary relief may be granted in this case.

   Notwithstanding the great seriousness of a custody dispute – and particularly, concerning Plaintiff's genuine belief that the custody process regarding his son dating to 1995 has been fundamentally unfair – the Court is constrained to find that Plaintiff's request for immediate injunctive relief must be denied.  As an initial matter, the Court cannot find on the basis of Plaintiff's representations, and upon the ancillary documents submitted with the Complaint, that failing to enjoin the custody proceedings pending before Judge Bayley will necessarily cause Plaintiff to be subjected to irreparable harm.  Although Plaintiff challenges the amount of notice he received concerning the renewed custody proceedings, it would appear that Plaintiff is fully aware of the proceedings, and has filed a thoughtful and articulate answer to Mr. Irvin's petition to modify Aaron Powell's custody.  It does not appear that Plaintiff will be precluded from presenting his arguments regarding Aaron's custody during the pre-hearing custody conference with Defendant Sunday, nor during any subsequent hearings before Judge Bayley.  Because it appears that Plaintiff is participating in the on-going custody dispute, the Court cannot find at this time that Plaintiff is likely to be subject to irreparable harm simply because those proceedings are permitted to continue.  Furthermore, in the event Plaintiff finds the results of the custody proceedings to be unfavorable, he will have the right to challenge such a custody decision by taking an appeal to the Pennsylvania Superior Court.  Accordingly, the Court finds that Plaintiff has failed to demonstrate that he is likely to suffer irreparable harm if the ongoing

custody action is not enjoined.

Additionally, the Court finds that Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claim. Notwithstanding Plaintiff's assertions to the contrary, courts of the Commonwealth of Pennsylvania have jurisdiction to adjudicate custody disputes. See 23 Pa. C.S.A. § 5344 (2005). In spite of this clear grant of authority, Plaintiff argues that the Court of Common Pleas lacks the authority to adjudicate the dispute regarding the legal custody of Aaron Powell. In support of this argument, Plaintiff relies upon Troxel v. Granville, 530 U.S. 57 (2000). Plaintiff contends that Troxel holds that States do not have the power "to make significant decisions concerning the custody of children merely because it could make a better decision." (Compl. ¶ 5.)

The Court does not find that Troxel contains the holding Plaintiff asserts, and further finds that Troxel's scope is not nearly as broad as Plaintiff claims. Troxel concerned a Washington statute regarding non-parental visitation rights. The parent in that case had legal custody of her children, and successfully challenged a statute that by its terms permitted any person to petition the court for visitation rights with the children at any time. Troxel, 530 U.S. at 67. In a plurality decision, the Supreme Court found that the Washington statute unconstitutionally infringed upon a custodial parent's right to make decisions concerning the care, custody, and control of her children. Id.[2] Nothing in Troxel suggests that States lack the authority to adjudicate custody disputes in the first instance or to determine whether or not a

---

[2] As Justice O'Connor further explained the statute invalidated by the Court's decision: "[I]n practical effect, in the State of Washington a court can disregard and overturn any decision by a **fit custodial parent** concerning visitation whenever a third party affected by the decision files a visitation petition, based solely on the judge's determination of the child's best interests." Troxel, 530 U.S. at 67 (original emphasis in italics) (added emphasis in bold).

particular party is fit to serve as a minor's custodial guardian. Accordingly, the Court finds that Troxel does not provide support for Plaintiff's claim that the Court of Common Pleas lacks authority to adjudicate Aaron Powell's custody.[3]

Because Plaintiff has failed to demonstrate that he will suffer irreparable harm absent injunctive relief, and has additionally failed to demonstrate that he is likely to succeed on the merits of his claims in this Court, the Court finds that preliminary injunctive relief is unwarranted in this case.

    **C.**    **Preliminary Screening Pursuant to 28 U.S.C. § 1915(e)**

Finally, the Court notes that it is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process under 28 U.S.C. § 1915(e). This statute states, in relevant part, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>
>     (i) is frivolous or malicious;
>     (ii) <u>fails to state a claim on which relief may be granted</u>; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). For the reasons set forth above, the Court is constrained to find that this action for injunctive relief must be dismissed at this time for failure

---

[3] As noted above, it appears that Plaintiff's legal custody of his son was terminated, at the latest, as of May 29, 1997, pursuant to an order entered by the Court of Common Pleas awarding legal and physical custody to Kay F. Hoover, Aaron Powell's late maternal grandmother. This fact further distinguishes Troxel, where the Petitioner at all times had legal custody of her children.

particular party is fit to serve as a minor's custodial guardian. Accordingly, the Court finds that Troxel does not provide support for Plaintiff's claim that the Court of Common Pleas lacks authority to adjudicate Aaron Powell's custody.[3]

Because Plaintiff has failed to demonstrate that he will suffer irreparable harm absent injunctive relief, and has additionally failed to demonstrate that he is likely to succeed on the merits of his claims in this Court, the Court finds that preliminary injunctive relief is unwarranted in this case.

    **C.**    **Preliminary Screening Pursuant to 28 U.S.C. § 1915(e)**

Finally, the Court notes that it is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process under 28 U.S.C. § 1915(e). This statute states, in relevant part, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>
>     (i) is frivolous or malicious;
>     (ii) <u>fails to state a claim on which relief may be granted</u>; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). For the reasons set forth above, the Court is constrained to find that this action for injunctive relief must be dismissed at this time for failure

---

[3] As noted above, it appears that Plaintiff's legal custody of his son was terminated, at the latest, as of May 29, 1997, pursuant to an order entered by the Court of Common Pleas awarding legal and physical custody to Kay F. Hoover, Aaron Powell's late maternal grandmother. This fact further distinguishes Troxel, where the Petitioner at all times had legal custody of her children.

to state a claim upon which relief can be granted. As noted above, the Court of Common Pleas has jurisdiction to adjudicate the ongoing dispute regarding Aaron Powell's custody. Plaintiff is participating in that litigation, and will have the right to seek appellate review if the Court of Common Pleas enters an order that he finds to be unfavorable. Accordingly, at this time, Plaintiff has failed to state a cognizable due process claim under the Fourteenth Amendment on the basis that the Court of Common Pleas is adjudicating a custody dispute – a power with which the Court of Common Pleas is unquestionably vested. Any procedural or substantive due process claim that might arise as a result of the custody proceedings in Commonwealth Court is, at this time, premature.[4]

---

[4] As a general rule, a court should allow a plaintiff leave to amend a complaint prior to dismissal. However, dismissal without leave to amend is permissible where amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Plaintiff has sought only to enjoin an ongoing custody action that is proceeding in the Court of Common Pleas. Because the Court finds that injunctive relief is unavailable due to the ongoing nature of the proceedings and Plaintiff's participation therein, the Court finds that leave to amend the Complaint would be futile.

**III.   ORDER**

Accordingly, for the reasons set forth in the within memorandum, **IT IS ORDERED THAT** Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is **GRANTED.  IT IS FURTHER ORDERED THAT:**

1. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court shall close the file.

                                              S/   Yvette Kane
                                              Yvette Kane
                                              United States District Judge

Dated:  December 2, 2005